# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY QUAN,<br><br>   Petitioner,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br>D. SMITH, Warden,<br><br>   Respondents. | 1:08-CV-00511 LJO GSA HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>ORDER GRANTING PETITION IN PART AND DENYING IN PART<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

  Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

  On May 16, 2008, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be GRANTED IN PART and DENIED IN PART. It was recommended that Respondent be ORDERED not to reference the BOP policy promulgated in December 2002 or the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21 in any future consideration of Petitioner for RRC placement. To the extent Petitioner requested an immediate assessment or RRC placement, the Magistrate Judge recommended the petition be DENIED. Petitioner was granted thirty (30) days to file objections to the Findings and Recommendation.

  On June 18, 2008, Petitioner filed objections. Petitioner disagrees with the Magistrate

1  Judge's conclusion that he is not entitled to an immediate assessment or placement in an RRC. He
2  argues that Program Statement 7310.04, <u>Community Correction Center (CCC) Utilization and</u>
3  <u>Transfer Procedure,</u> (12-16-1998), improperly limits discretion to consider RRC placement until the
4  last 11-13 months before an inmate's projected release date. Petitioner's arguments are without
5  merit. Program Statement 7310.04 does not limit the BOP's discretion like 28 C.F.R. §§ 570.20,
6  570.21. It only requires the BOP conduct an assessment within 11 to 13 months from the date of the
7  projected release date, thereby assuring the inmate receives a timely assessment. The program
8  statement does not preclude the BOP from exercising its discretion and conducting an assessment at
9  any time during an inmate's sentence. Therefore, the program statement does not run afoul of 18
10 U.S.C. § 3621(b).

11       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*
12 *novo* review of the case.  Having carefully reviewed the entire file, the Court concludes that the
13 Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation of May 16, 2008, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is GRANTED IN PART and DENIED IN PART;

3. Respondent is ORDERED not to reference the BOP policy promulgated in December 2002 or the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21 in any consideration of Petitioner for RRC placement eligibility. If Respondent fails to complete such an assessment within 11 months of Petitioner's projected release date, Petitioner may move to reopen the case at that time.

4. The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

**Dated:   June 23, 2008**               /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE